**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMCO INSURANCE CO., and, | ) | |
| DEPOSITORS INSURANCE CO., | ) | |
|     Plaintiff(s), | ) | |
| | ) | |
|     vs. | ) | Case No. 4:19-cv-02202-SRC |
| | ) | |
| COLUMBIA MAINTENANCE CO., | ) | |
| et al., | ) | |
|     Defendant(s). | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on [14] [16] [26] the separate Motions to Dismiss of

Defendant Charles Taylor, Defendants Columbia Maintenance Company, MK Maintenance,

LLC, Columbia Maintenance Company d/b/a MK Maintenance, and William Hausman (the

"Columbia Defendants"), and Defendant Harold Barnett.  Defendants move the Court to dismiss

this declaratory judgment action pursuant to the doctrine of abstention.  Plaintiffs have responded

in opposition to each of the Motions.  For the reasons set forth below, the Court denies

Defendants' Motions to Dismiss.

## I.  BACKGROUND

This is an action for declaratory relief pertaining to an insurance policy issued to the

Columbia Defendants by Plaintiffs Amco Insurance Company and Depositors Insurance

Company.  Prior to the filing of this action, Charles Taylor and Harold Barnett initiated separate

employment discrimination lawsuits against the Columbia Defendants in Missouri state court.

Barnett's state court suit alleged that the Columbia Defendants wrongfully discharged him from

employment and discriminated against him on the basis of race.  *Barnett v Columbia*

*Maintenance Co., et al.*, Case No. 15SL-CC04351 (Mo. Cir. Ct.). Taylor's state court suit also alleged that the Columbia Defendants wrongfully discharged him and discriminated against him on the basis of race. *Taylor v Columbia Maintenance Co., et al.*, Case No. 16SL-CC00217 (Mo. Cir. Ct.). The Columbia Defendants tendered both state court actions to Amco and Depositors, demanding that Amco and Depositors defend and indemnify them under the insurance policy. Amco and Depositors responded by disclaiming coverage for the state court actions, including any duty to defend the Columbia Defendants in those actions.

On July 26, 2019, Amco and Depositors filed the instant action pursuant to 28 U.S.C. § 2201, seeking a declaration that they do not owe a duty to defend the Columbia Defendants under the insurance policy. Barnett, Taylor, and the Columbia Defendants each filed separate Motions to Dismiss, asking the Court to exercise its discretion as permitted by 28 U.S.C. § 2201 and abstain from hearing this declaratory judgment action. As of the date Amco and Depositors initiated the present action, Amco and Depositors were not parties to either of the state court proceedings. The state court has since permitted Amco and Depositors to intervene in the state court actions; Barnett and Taylor then voluntarily dismissed their state court suits against the Columbia Defendants and agreed to submit their employment dispute with the Columbia Defendants to binding arbitration. Arbitration took place on February 17, 2020. Amco and Depositors attended but were not parties to the arbitration.

Because Defendants' Motions to Dismiss raise essentially identical arguments, the Court considers them jointly.

## II.    STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, provides in relevant part:

> In a case of actual controversy within its jurisdiction … any Court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other

2

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959).  "Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so."  *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir.2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16–19 (1983)); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976) (stating that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them").

However, when a federal complaint seeks relief pursuant to the Declaratory Judgment Act, district courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  "This broader discretion arises out of the Declaratory Judgment Act's language that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'"  *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (2008) (emphasis in original) (quoting 28 U.S.C. § 2201(a)).  The Supreme Court in *Wilton* emphasized that the Declaratory Judgment Act is properly characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

## III.   DISCUSSION

The scope of a district court's discretion to abstain from exercising jurisdiction under the Declaratory Judgment Act depends upon whether a "parallel" state court action exists.

*Scottsdale*, 426 F.3d at 999.  If so, a district court enjoys broad discretion, guided by considerations of judicial economy.  *Id.* at 997.  If not, district courts have more limited discretion to abstain.  *See id.* at 998 (adopting a six-factor test to guide district court discretion in the absence of a parallel state action).  Thus, as a threshold issue, the Court must determine whether a "parallel" state court action exists here.  *Id.* at 996.  "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'"  *Id.* at 997 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers*, 946 F.2d 1072, 1073 (4th Cir. 1991)).

### A.    No Parallel State Action

Here, no parallel proceeding involving substantially the same parties or substantially the same issues exists.  In *Scottsdale*, the Eighth Circuit held that the proceedings pending in state court were not parallel because (1) the insurer was not a party to the suits pending in state court; and (2) the state court actions involved issues of the insured's liability, whereas the federal suit involved matters of insurance coverage.  426 F.3d at 997; *see also Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc.*, 462 F.3d 1002, 1006 (8th Cir. 2006) (same).  Barnett and Taylor voluntarily dismissed the state court actions in which Amco and Depositors intervened.  Amco and Depositors are not parties to the arbitration proceedings involving Barnett, Taylor, and the Columbia Defendants.  Further, the arbitration proceedings necessarily involve different issues than the present case.  The arbitration cannot resolve the insurance coverage issue presented here because the insurers (Amco and Depositors) are not parties—therefore any judgment from the arbitrator as to insurance coverage would not bind Amco and Depositors.  Accordingly, no parallel state court action exists.

### B.    Analysis of *Scottsdale* Factors

Absent a parallel state action, district courts have less discretion to abstain under the

Eighth Circuit's six-factor *Scottsdale* test:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

426 F.3d at 998 (quoting and adopting a test articulated by the Fourth Circuit in *Aetna Cas. &*

*Sur. Co. v. Ind–Com Elec. Co.*, 139 F.3d 419, 422) (4th Cir. 1998)) (internal brackets and

quotations omitted).

Applying the *Scottsdale* factors, the Court finds that the first and second factors weigh

against abstention.  In *Scottsdale*, the Eighth Circuit summarily held that the first two factors

weighed against abstention because a declaratory judgment on the insurance coverage issue

"would 'clarify and settle' the legal relations at issue and would afford relief from the

'uncertainty, insecurity, and controversy' between [insurer] and [insured]."  426 F.3d at 999; *see*

*also Continental Cas. Co.*, 462 F.3d at 1007.  The Defendants do not dispute this, so the Court

turns to the next factor.

The Court assesses "the strength of the state's interest in having the issues raised in the

federal declaratory judgment action decided in state courts" as neutral.  In *State Farm Fire &*

*Cas. Co. v. Pit Stop Bar & Grill, LLC*, No. 4:15-CV-159 CEJ, 2015 WL 4663492 (E.D. Mo.

Aug. 6, 2015), this Court found the third factor neutral because "Missouri state courts do not

have a special interest in resolving routine insurance policy construction disputes and issues of Missouri contract law are commonly before this Court." *Id.* at \*4; *see also Scottsdale*, 426 F.3d at 999 (third factor did not support abstention because no state court "had been called upon to address the coverage issues, so a determination of the coverage issues by the district court would not conflict with any state court determination in the underlying actions.") (internal quotations omitted). Like *State Farm*, this case involves a routine insurance-policy construction dispute, which Missouri courts have no special interest in deciding

The fourth *Scottsdale* factor—"whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in pending"—weighs against abstention. As in *Scottsdale*, no parallel proceeding exists, and "judicial economy will be best served by deciding this action initially in the federal district court." 426 F.3d at 999. Likewise, the fifth factor does not favor abstention because, without a parallel proceeding, this action in federal court will "not result in unnecessary entanglement between the federal and state court systems." *Id.* Finally, the sixth factor does not favor abstention because nothing suggests Amco or Depositors initiated this action merely to gain procedural advantage. *See Scottsdale*, 426 F.3d at 1000 (sixth factor not implicated by mere presence of overlapping factual issues). The coverage question raised here has not been raised in any other forum but this one. The Columbia Defendants argue that this factor weighs in favor of abstention because Amco and Depositors could have filed their declaratory judgment action in state court instead. *See* Doc. 23. This argument proves too much. By this reasoning, the sixth factor would *always* weigh in favor of abstention where state law provides for a parallel declaratory judgment remedy.

In sum, the first, second, and fourth *Scottsdale* factors weigh against abstention, and the remaining factors are neutral.  Thus, the Court will not abstain from the exercise of jurisdiction in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendant Charles Taylor [14] is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss of Defendants Columbia Maintenance Company, MK Maintenance, LLC, Columbia Maintenance Company d/b/a MK Maintenance, and William Hausman [16] is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss of Defendant Harold Barnett [26] is DENIED.

So Ordered this 11th day of March, 2020.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**