IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, and <br> DEPOSITORS INSURANCE COMPANY, <br> <br> Plaintiff, <br> <br> v. <br> <br> COLUMBIA MAINTENANCE COMPANY, <br> et al., <br> <br> Defendants. | Case No.: 4:19-cv-02202-SRC |

**DEFENDANTS HAROLD BARNETT AND CHARLES TAYLOR'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

COMES NOW Harold Barnett and Charles Taylor, by and through their attorney of record, and for their Motion to Dismiss, or in the alternative to stay these proceedings, based on the *Wilton/Brillhart abstention doctrine,* state to this Honorable Court as follows:

**BACKGROUND**

**I.      The Underlying State Court Action**

Harold Barnett and Charles Taylor worked as commercial cleaners, and Mr. Taylor also as a supervisor, for Defendant William Hausman at his companies, Columbia Maintenance Company and MK Maintenance, LLC. Throughout the course of their time at these companies, both gentlemen were consistently and repeatedly subjected to discrimination based on race. Mr. Barnett is African American, and Defendant Hausman consistently and repeatedly referred to Mr. Barnett using racial slurs and other generally derogative terminology, as well as treating him as subhuman. Defendant Hausman repeatedly directed Mr. Barnett's supervisor, Charles Taylor, who was white, to fire or get rid of minority employees, including Mr. Barnett, despite the fact that Mr. Barnett was a long-time employee who reliably performed his work duties for Mr. Hausman and

1

his companies in a consistent and capable manner. Mr. Taylor shared an office with Mr. Hausman where he was repeatedly harassed for sticking up for Mr. Barnett and others similarly situated and belittled because he had married someone of Mexican decent.

Defendant Hausman ultimate terminated Mr. Barnett for pretextual reasons and terminated Mr. Taylor for refusing to fire Mr. Barnett based upon false allegations and after Mr. Taylor threatened to go to the EEOC if Mr. Hausman's harassing and discriminatory acts and language didn't stop. Following their termination, Harold Barnett and Charles Taylor each filed suit against Defendant Hausman and his companies in St. Louis County Circuit Court in St. Louis, Missouri. Their Petitions included counts for Discrimination and Hostile Work Environment, both in violation of the Missouri Human Rights Act Chapter 213 RSMO, both Missouri state law causes of action.

All of the acts at issue in the state court action occurred in Missouri.  Mr. Barnett is a Missouri resident.  Defendant Hausman is a Missouri resident.  Defendant Hausman's businesses are all owned and operated in Missouri, and they have their principle places of business in Missouri.

Defendant Hausman purchased insurance to provide himself and his companies with coverage in the event of just such a lawsuit.  The transactions, signing and faithful payment of premiums with those insurance companies (Depositors and AMCO) also all occurred in Missouri. Defendant Hausman, as required pursuant to his policies, advised Depositors and AMCO of his Missouri state court lawsuit and asked for them to defend and indemnify him and his companies against these claims pursuant to policies of insurance purchased from Depositors and AMCO. Both companies refused to defend and indemnify him.

Finding himself unprotected, Defendant Hausman was forced to find and hire his own lawyer.  Stressed and financially stretched defending this lawsuit, Defendant Hausman had no real

choice, given the insurance company's refusal to defend him, than to enter into an agreement pursuant to Missouri Statute, R.S.Mo. § 537.065 in the Missouri state court action. Depositors and AMCO were notified of such agreement also in accordance with Missouri law. They jointly filed a motion to intervene as a matter of right in each state court lawsuit, and those motions were granted. On January 30, 2020, Barnett and Taylor dismissed both State Court actions without prejudice, deciding with Hausman and his companies to submit the dispute to binding arbitration. Depositors and AMCO were invited to attend the Arbitration hearing, and in fact the Arbitration was delayed so that they could do so. They were also provided a path to participate, provided they agreed to submit ALL disputes, including coverage, to the Arbitrator, a former Missouri Court of Appeals Judge. They declined. The case was arbitrated on February 17, 2020 with AMCO and Depositors in attendance.

### II.     The Federal Declaratory Judgment Action

As mentioned above, it was requested that Depositors and AMCO submit their Declaratory Judgment action filed with this Court to binding arbitration along with the underlying state court action so that all issues could be concluded. They chose not to do so, but rather to continue their action in this Court. Defendants, having previously filed a Motion to Dismiss with this Court in favor of the state court action, received the Court's denial of that request at this juncture.

### III.    The Confirmation of the Award and the Missouri Garnishment Action

The Arbitration Awards in both cases were submitted to St. Louis City Circuit Court (the venue in which the arbitration occurred) and converted to Judgments. Barnett and Taylor have now filed their garnishment actions in state court, which include counts for Declaratory Judgment. (See Exhibits 1 and 2, Barnett and Taylor state court Petitions). As the Court can discern upon review

of the Petitions, the issues of coverage are the same, the parties are the same[1], all issues require the application of Missouri law, and there are no federal questions whatsoever.

## **STANDARD OF REVIEW**

"The Declaratory Judgment Action provides that a court '*may* declare the rights and other legal relations of any interested party…' not that it *must* do so." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 188, 136 (2007) (citing 28 U.S.C. § 2201(a)). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional requirements." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)). The United States Supreme Court has "adopted a broad discretionary standard governing a district court's determination whether to exercise jurisdiction over a declaratory judgment action in which there are parallel state court proceedings." *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

"By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)) (emphasis added). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)) (emphasis added).

Declining jurisdiction is always a sensible option to consider in declaratory judgment

---

[1] Nationwide is included in the state court action, but only as the parent company of Depositors and AMCO

actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), **"[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem."** *Bituminous Cas. Corp.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)) (emphasis added). The Court has discretion to decline jurisdiction over a declaratory judgment action even where the parties are diverse and the amount in controversy meets the threshold. *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991).

## ARGUMENT

Unlike the last time Defendants had a Motion to Dismiss before this Court, there is now a parallel proceeding in state court which will decide the identical issues before this Court, issues squarely grounded in Missouri law. And unlike Defendants last argument on this issue, the Court need not and should not engage in a *Scottsdale*[2] analysis, an analysis required only when there is no parallel state proceeding. Accordingly, the parties to the state court actions are identical to those in this declaratory judgment action, and Depositors and AMCO will have a full and complete opportunity to litigate the claims at issue in that underlying matter, despite their refusal to defend Mr. Hausman and his companies.[3]  For these reasons and the others set forth below, this Court should abstain from hearing Depositors and AMCO's declaratory judgment Complaint, and the same should be dismissed pursuant to the *Brillhart-Wilton* abstention doctrine.

In accordance with controlling case law on the issue, this Court should exercise its

---

[2] Referring to *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994 (8th Cir. 2005), wherein the court adopted "a six-factor test to determine whether abstention by the district court would be appropriate" in cases <u>where there is no parallel state court action</u>. *Scottsdale*, 426 F.3d at 998.

5

discretion to abstain from hearing this declaratory judgment action and dismiss Depositors and AMCO's Complaint. Federal courts have long considered the question of abstention in cases where there is a parallel state court action pending. In accordance with the well-weathered precedent in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), this Court should dismiss this cause of action and in turn deny Plaintiffs' pending Motion for Summary Judgment.

In *Brillhart*, if a parallel state proceeding is pending, the Supreme Court has noted that **"it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory suit[.]"** *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (emphasis added). The "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

The Supreme Court in *Brillhart* was confronted with a situation much like the case before this Court. An insurance company brought a federal declaratory action to determine coverage questions in an automobile insurance contract. The insured, a Missouri business, was sued in Missouri state court by a plaintiff who was injured in an automobile collision. Excess Insurance refused to defend the state court lawsuit, so the injured plaintiff obtained a default judgment against the Missouri business. The plaintiff in the Missouri state court action thereafter filed a garnishment proceeding in Missouri state court against both the Missouri business and the insurance company. Upon filing the garnishment in state court, the Missouri state court injured plaintiff filed a motion to dismiss the previously filed declaratory judgment action in federal court. The district court granted the dismissal of the federal action, but the court of appeals held that such a dismissal was an abuse of discretion. An appeal was taken to the Supreme Court.

6

On appeal, the Supreme Court reversed. The court noted that although a federal court may exercise jurisdiction under the Federal Declaratory Judgment Act, it is "under no compulsion to exercise that jurisdiction." *Brillhart*, 316 U.S. at 494, 62 S. Ct. at 1175. The Court went on to state:

> **Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.**

*Id.* at 495, 62 S.Ct. at 1175-76 (emphasis added). In overturning the appellate court decision, the Supreme Court found that the district court's decision to dismiss was not an abuse of discretion so long as the issue raised in the federal litigation could be addressed in the state court action. *Id.* at 494, 62 S.Ct. at 1177. Since the district court had not explicitly made that finding, the Supreme Court remanded the case so it could do so. *Id.* at 498, 62 S.Ct. at 1177.

Fifty-three years later, the Supreme Court revisited the issue in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995). In *Wilton*, insurers refused to defend or indemnify businesses involved in litigation over Texas oil and gas properties. After a verdict was entered against them, the businesses notified the insurance companies of their intent to pursue state court actions concerning the denial of coverage under the disputed insurance policies. The insurance companies hurriedly filed a declaratory judgment action in federal court, prior to the businesses getting any action on file. After filing their state court action, the businesses filed motions to dismiss the federal lawsuit based on *Colorado River* abstention.[3]

The district court ordered that the federal lawsuit be stayed, based on the "exceptional

---

[3] *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) based upon the court's holding that dismissal was warranted by a number of factors clearly counselling against concurrent federal proceedings, most significantly the fact that dismissal would further the policy expressed by the McCarran amendment.

circumstances" test under the *Colorado River* abstention and the court appeals agreed. On appeal to the Supreme Court, the Court rejected applying *Colorado River* abstention to cases involving a stay based upon parallel state court proceedings. *Id.* at 289-90, 115 S.Ct. at 2144. Instead, the Court reaffirmed the application of *Brillhart* in such cases. *Id.* The Court held that the district court did not abuse its discretion by staying a declaratory judgment case based on diversity jurisdiction where a subsequently filed state court action presented an "opportunity for ventilation of the same state law issues." 515 U.S. at 290, 115 S. Ct. 2137. The federal courts have discretion as to whether to declare the rights of litigants. In fact, there is no absolute right to a declaratory judgment. *Wilton*, supra. Thus, a trial court has a "unique breadth of ... discretion to decline to enter a declaratory judgment" and "[t]here is ... nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action. *Id.* at 515 U.S. 277, 287, 288, 115 S. Ct. 2137, 2143.

Following the Supreme Court's decision in *Wilton,* the Eighth Circuit has weighed in on numerous occasions in favor of abstention from declaratory judgment actions based upon what has become known as the *Brillhart-Wilton* abstention doctrine. See e.g., *Capitol Indemnity Corp. v. Haverfield,* 218 F.3d 872 (8th Cir.2000), (Eighth Circuit concluded it was an abuse of discretion to continue a federal declaratory judgment action when there was a parallel state court action presenting the same issues between the same parties, governed solely by state law); *Home v. Firemen's Retirement System,* 69 F.3d 233(8th Cir. 1995) (dismissing a federal declaratory judgment action based upon a parallel state court case); *Royal Indem. Co. v. Apex Oil Co.,* 511 F.3d 788, 793, 797-98 (8th Cir. 2008) (When a pending parallel state action involves the same parties and issues as in a federal declaratory action, the district court has broad discretion to abstain adjudicating the federal action—the court in deciding to grant a stay of the federal court action.); *Evanston Ins. Co. v. Johns,* 530 F.3d 710, 713 (8th Cir. 2008) (the Eighth Circuit has instructed

8

that a district court's "key consideration ... is 'to ascertain whether the issues in the controversy between the parties to the federal action ... can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.' "). As stated in *Haverfield*, if the issues would be better settled in the pending state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.' " *Haverfield*, 218 F.3d at 874–75 (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173). The Eighth Circuit held abstention to be "required even when the declaratory judgment action was filed months before the state-court action." *W. Heritage Ins., Co. v. Sunset Sec., Inc.*, 63 Fed. Appx. 965, 967 (8th Cir. 2003). Moreover, *Haverfield* held that despite the fact that the insurer's federal declaratory judgment action was filed six months before any action was filed in the state court, "the state court was in a better position to adjudicate the matter" and the district court should have abstained. *Haverfield*, 218 F.3d at 872.

Missouri Federal District Courts have likewise followed suit. Similarly, Judge Fleissig, in *Burgett v. Hellickson*, No. 4:16CV00622 AGF, 2016 WL 7230429, at *3 (E.D. Mo. Dec. 14, 2016) ultimately concluded that "this declaratory judgment action and the Iowa state court action are parallel for purposes of the abstention doctrine. Burgett and the Hellicksons are parties to both actions, the core issue in both actions is whether the settlement proceeds constituted holdback or earn-out funds under the APA, and resolution of the claims in the state action will dispose of the federal suit for declaratory relief. No federal claims or defenses are involved in either action…In sum, the Court concludes that *Wilton* abstention is warranted here."

Most recently, Judge Pitlyk, in *Arch Ins. Co. v. Parsons Transportation Grp., Inc.,* No. 4:19-CV-02718 SEP, 2020 WL 5642269, at *4 (E.D. Mo. Sept. 22, 2020), in ruling on a motion

to dismiss based upon the *Brillhart-Wilton* abstention doctrine, the court ultimately found that the federal court action was NOT parallel with the state court cause of action, and nevertheless determined that the court should abstain from the exercise of jurisdiction and that the case should be stayed pending the state court action.

In *Maritz v. Starek,* No. 4:05CV2093, 2006 WL 1026925 (E.D. Mo. 2006) Judge Hamilton dismissed a federal declaratory judgment action based upon a parallel state court case. In doing so, she recognized, "All of these factors point towards abstention, because the issues in this case can be better settled in the state court case…The state court proceeding has a broader scope than this case; it encompasses all of the issues involved here, as well as others. All of the necessary parties are involved in the state court case. As such, all of the issues here can be resolved in state court." *Maritz v. Starek*, No. 4:05CV2093 JCH, 2006 WL 1026925, at *8 (E.D. Mo. Apr. 18, 2006). See also, *Otten v. Liberty Mutual Insurance Company*, 2018 WL 3861340 (August 14, 2018) (Judge Catherine Perry); *Breusch v. Progressive Preferred Insurance Company*, 2017 WL 6316692 (December 7, 2017) (Judge Henry Edward Autrey); *Cagle v Westfield Insurance Company*, 2018 WL 6497866 (December 10, 2018) (Judge Stephen R. Bough); *State Farm Fire and Casualty Co. v. Pit Stop Bar and Grill, LLC*, 2015 WL 4663492 (E.D. Mo., Aug. 6, 2015) (Judge Carol Jackson). All abstaining from ruling upon federal declaratory judgment actions and staying, dismissing or remanding the proceedings of the same so the concurrent state court matters could proceed to a conclusion.

Anticipating that the Plaintiff Insurance Companies may attempt to argue that, even though there are now parallel actions which clearly dictate dismissal of their federal action, their declaratory judgment action should not be dismissed since it was filed first, and so should therefore proceed. This argument has likewise been previously considered and rejected. Following the teachings of *Haverfield*, *W. Heritage Ins., Co.* and the like, Missouri Federal District Court judges

10

have not been impressed or persuaded by the argument. Judge Laughrey, in her holding in *Great Am. All. Ins. Co. v. Stutes*, No. 2:17-CV-04035-NKL, 2018 WL 1787307, at *3 (W.D. Mo. Apr. 13, 2018), granting dismissal of the insurance company's declaratory judgment action, stated: "The Court is not swayed by Great American's argument that the fact that this action was filed before the state court garnishment action should preclude abstention…Moreover, Great American's ability to file a declaratory judgment action long before a garnishment action could be filed should not be a decisive factor in determining the appropriate forum for the case."

Judge Shaw in *James River Ins. Co. v. Impact Strategies, Inc.*, 699 F. Supp. 2d 1086, 1090 (E.D. Mo. 2010) held that a declaratory judgment action by an insurer, seeking to determine whether it had duty to defend and indemnify an insured pursuant to commercial general liability policy with respect to claims in a state court action, was parallel to the underlying state court action and should therefore be dismissed based upon the *Brillhart-Wilton* abstention doctrine. In so doing, Judge Shaw not only sustained defendant's motion to dismiss, <u>but also in turn denied plaintiff's pending motion for summary judgment</u>.

Judge Autrey in *Empire Fire & Marine Ins. Co. v. Scheibler*, No. 4:16CV594 HEA, 2016 WL 6524341, at *2 (E.D. Mo. Nov. 3, 2016) dismissed an earlier-filed declaratory judgment action in light of a parallel state court garnishment action, wherein the court stated:

> Finally, Plaintiff argues that since its declaratory judgment action was filed before the garnishment action, its lawsuit should have priority and be allowed to proceed. The first-to-file rule, however, is not absolute. *See Cincinnati Ins. Co. v. R&L Siding, Inc.*, Case No. 2:01-CV-4091-NKL (W.D. Mo. June 21, 2002) (dismissing a declaratory judgment matter even though it had been pending longer than the state court garnishment action and stating that "the Court does not believe that the timing of [the declaratory judgment action] in comparison with the [garnishment action] is of significant import"); *see also Koch Engineering Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1207 (E.D. Mo. 1985) (citation omitted) (dismissing a declaratory judgment action in favor of later filed state court matter). In the context of this matter and the status of the parallel state court action, the Court is not compelled to strictly follow the first-to-file rule when determining whether to

exercise jurisdiction under the Declaratory Judgment Act. *See e.g.*, *HBE Corp. v. Burrus*, Case No. 4:09-CV-906, 2009 WL 3517532, at * 4 (E.D. Mo. Oct. 23, 2009) (citations omitted).

*Empire Fire & Marine Ins. Co. v. Scheibler*, No. 4:16CV594 HEA, 2016 WL 6524341, at *2 (E.D. Mo. Nov. 3, 2016)

In *Sentinel Insurance Co. v. Haines,* 2009 WL 702003 (W.D. Mo. 2009) (Docket No. 08-00961-CV-W-FJG), Judge Gaitan, when faced with the same issue, dismissed a federal declaratory judgment action because "the issue of whether coverage exists under the [insurance] policy can be effectively ... presented and adjudicated in the pending garnishment action where all interested parties are joined." *Id.,* at p. 3, citing *Glover v. State Farm Fire and Cas. Co.,* 984 F.2d 259, 260 (8th Cir.1993). The fact that the declaratory judgment action was filed before the garnishment action was "immaterial," since the insurance company could dispute coverage in the garnishment action. Furthermore, declining to hear the case in federal court promoted judicial economy and efficiency by avoiding duplicative discovery and trials. Thus, the court declined to hear the declaratory judgment action. *Id.*[4]

Here, it is undeniable that:

- All the parties in this federal action are also in the state court action;
- All issues require the application of Missouri law, and only Missouri law;
- There are no federal questions;
- Both cases require that the same insurance coverage question before this court be determined;
- The state court will decide all the issues;
- If this case is dismissed or stayed, then there is no duplication of judicial or party effort, and no chance for inconsistent results.

Under the Supreme Court holdings, it is also undeniable that the *Brillhart-Wilton* abstention

doctrine must be applied, should be followed and would result in a dismissal, or at the very least, a stay of this proceeding.

Missouri state courts have a great interest in ruling upon the issues before this court as they involve issues particular to Missouri law, issues which state courts are intimately familiar. "State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship." *Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir. 2012). Under Missouri law, "the interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage." *D.R. Sherry Constr., Ltd. V. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 902 (Mo. 2010). Where a case involves the interpretation of a policy of insurance issued to a Missouri corporation, with its principal place of business and principal risk in the state, Missouri law will govern interpretation of that policy. *Spirtas Co. v. Federal Ins. Co.*, 521 F.3d 833, 835 (8th Cir. 2008).

Harold Barnett is a Missouri resident. Defendant Hausman is a Missouri resident. Defendant Hausman's businesses are registered in Missouri with their principle places of business located in Missouri as well. The acts set forth in the state court actions all occurred in Missouri. Also, the Depositors and AMCO policies of insurance at issue were negotiated and purchased in the State of Missouri. In sum, each and every fact or act in the underlying action occurred in Missouri, involved Missouri residents, and is interpreted under Missouri law. Missouri Courts have a strong interest in securing redress for Missouri citizens injured in Missouri when the acts causing the injury were performed for the purpose of causing effect in Missouri. See *State ex rel. Sperandio v. Clymer*, 581 S.W.2d 377, 380 (Mo. banc 1979). The state's robust interest in being able to decide issues of state law which involve its residents and acts which occurred within the confines of the state, strongly supports abstention.

The Barnett and Taylor state court actions and the instant action for declaratory judgment

13

call for resolution of the same issues of fact or law. Allowing both to proceed simultaneously wastes the parties' and this Court's time and risks an unnecessary entanglement of the state and federal court systems. Allowing the state court to proceed without interference from the federal court ensures maximum efficiency and avoids the possibility of entanglement between the two courts' rulings. Additionally, the declaratory judgment action in the state court is inextricably intertwined with the garnishment, contract and bad faith actions in the state court action.

## CONCLUSION

As set forth above, an objective application of *Brillhart-Wilton* abstention doctrine demonstrates that this Court should abstain from hearing this matter, and Depositors/AMCO's declaratory judgment action should be dismissed, or in the alternative, as some courts have done, stayed pending the conclusion of the state court proceedings. Thereby, in turn, Plaintiff's Motion for Summary Judgment should be denied upon dismissal.

WHEREFORE, Defendants respectfully request that this Court GRANT this Motion to Dismiss and abstain from adjudicating the declaratory judgment action pursuant to the Declaratory Judgment Act, or alternatively, stay this action pending the conclusion of the state court proceedings and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: October 2, 2020               **The Law Offices of Gretchen Myers, P.C.**
                                             */s/ Gretchen Myers*
                                             Gretchen Myers, #32219MO
                                             222 S. Central Ave., Suite 675
                                             St. Louis, Missouri 63105
                                             Telephone: (314)621-5454
                                             Facsimile: (314)621-2868
                                             gmyers@gmyerslaw.com
                                             *Attorney for Defendants*
                                             *Harold Barnett and Charles Taylor*

<u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that a copy of the foregoing was electronically filed and served via the Court's electronic filing system this, the 2nd day of October, 2020 to:

| | |
|---|---|
| James Wyrsch, # 53197 | Russell F. Watters, #25758 |
| 911 Washington Avenue, Suite 211 | John D. Cooney, #61080 |
| St. Louis, MO 63101 | Brown & James, P.C. |
| 314-288-0777 | 800 Market Street, Suite 1100 |
| james.wyrsch@kwlawstl.com | St. Louis, MO 63101 |
| *Attorneys for Defendants* | (314) 421-3400 |
| *Columbia Maintenance Co.,* | rwatters@bjpc.com |
| *MK Maintenance LLC, and* | jcooney@bjpc.com |
| *William Hausman* | *Attorneys for AMCO and Depositors* |