IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, and DEPOSITORS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No.: 4:19-cv-02202-SRC |
| v. | ) ) ) |
| COLUMBIA MAINTENANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT ON COVERAGE

COME NOW defendants Harold Barnett and Charles Taylor, by and through their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for their Joint Motion for Summary Judgment[1], incorporating by reference their Memorandum of Law in Support of their Motion for Summary Judgment, and their Statement of Uncontroverted Material Facts, and state as follows:

1. This is an action filed by insurance companies Depositors and AMCO for Declaratory Judgment in which they are seeking to escape the duty owed to provide liability insurance coverage for claims made by Harold Barnett and Charles Taylor against their former employers Columbia Maintenance Company, MK Maintenance, LLC, Columbia Maintenance Company d/b/a MK Maintenance, and William Hausman (the "Columbia Maintenance

---

[1] Defendants file this cross Motion for Summary Judgment on coverage issues only and the accompanying Statement of Uncontroverted Material Facts out of an abundance of caution since such motions are due under this Court's scheduling order and the fact that this Court has not yet ruled on Defendants' Motion to Dismiss. Defendants are not intending, by this action, to waive in any way our pending Motion to Dismissal or to Stay this action by doing so. Should this Court immediately grant Defendants' Motion to Dismiss, this briefing can be utilized in the underlying garnishment action in state court.

1

Defendants") for damages caused by conduct which occurred during their period of employment.

2. As described in detail in Defendants' Memorandum in Support which is filed contemporaneously herewith and the uncontroverted material facts in this matter, demonstrate that Plaintiffs AMCO and Depositors owe an absolute duty to provide liability coverage for the claims asserted by Barnett and Taylor, as coverage for such claims is clearly envisioned within said AMCO policy of insurance as "personal and advertising injury" is defined as discriminatory acts and any denial of coverage is estopped and waived due to the failure of these companies to provide their insureds with any reasonably understandable reason for denial of coverage.

3. It is undisputed that the Barnett and Taylor actions in state court were clearly claims of discrimination which fell within Plaintiffs' policy periods.

4. The two insurance policies at issue in this matter are a Commercial General Liability policy issued by Depositors Insurance Company ("Depositors") and a Commercial Umbrella Liability Insurance policy issued by AMCO. (SUMF ¶6).

5. Plaintiffs claim that, despite coverage landing squarely within the definitional section for "personal and advertising injury" in the policy, that coverage is rightfully denied due to an "employment-related practices exclusion."

6. Such is not the case for three reasons: 1) the fact that the policy gives something at one point and takes it away in another makes it ambiguous, and under Missouri law, the insureds would thereby be afforded coverage; 2) the fact that definitional sections control the policy, makes anything in conflict suffer from ambiguity, so as in point one, coverage is afforded; and 3) if the court should believe the policy to be unambiguous, the insureds are still afforded coverage under the doctrine of waiver and estoppel, due to the unintelligible denial

letter sent to the insureds on April 19, 2019.[2]

7.  **In Missouri the law is clear, if a contract promises something at one point and takes it away at another, there is an ambiguity.** *Jones v. Mid-Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. banc 2009) (emphasis added); *Chamness v. Am. Fam. Mut. Ins. Co.,* 226 S.W.3d 199, 204 (Mo. App. 2007).

8.  "Specifically, if another insurance clause appears to provide coverage but other clauses indicate that such coverage is not provided, then the policy is ambiguous, and the ambiguity will be resolved in favor of coverage for the insured." *Chamness*, at 204, quoting *Seeck v. Geico General Ins. Co.,* 212 S.W.3d 129, 134 (Mo. banc 2007).

9.  Ambiguities also exist when there is "duplicity, indistinctness, or uncertainty in the meaning of the language in the policy." *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010); *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009); *accord Am. Fam. Mut. Ins. Co. v. Ragsdale*, 213 S.W.3d 51, 55 (Mo. App. W.D. 2006); *Maher Bros., Inc. v. Quinn Pork, LLC,* 512 S.W.3d 851, 856 (Mo. App. 2017); *Chase Resorts, Inc. v. Safety Mut. Cas. Corp.*, 869 S.W.2d 145, 150 (Mo. App. E.D. 1993).

10. Where provisions of an insurance policy are ambiguous, they are construed against the insurer and in favor of the insured. *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993); *Maher Bros., Inc. v. Quinn Pork, LLC,* 512 S.W.3d 851, 855 (Mo. App. 2017); *Ragsdale*, at 54.

11. When the language is ambiguous, the court applies "a meaning according to what the insured ordinarily would have understood, and because the insurer typically is responsible for

---

[2] It is telling that this letter is nowhere to be found in plaintiffs' motion for summary judgment, memorandum in support or statement of facts. One can only assume that the omission was in an effort to lead this Court to believe that the first letter denying coverage was Mr. Watters' letter of July 26, 2019, when they clearly knew that such was not the case.

the ambiguity, [the court] construe[s] ambiguous provisions against the insurer." *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. App. W.D. 2008); *Seeck v. Geico General Ins. Co.,* 212 S.W.3d 129, 132 (Mo. banc 2007); *Martin v. U.S.F&G.,* 996 S.W.2d 506, 508 (Mo. banc 1999).

12. In Missouri, this rule, often referred to as the doctrine of "*contra proferentem,*" is more vigorously applied in insurance contracts than in other contracts. *Burns,* at 509 (Mo. banc 2010); *Long v. Shelter Ins. Companies*, 351 S.W.3d 692, 696 (Mo. App. W.D. 2011); *Mansion Hills Condominium Assoc. v. Am. Family Mut. Ins. Co.,* 62 S.W.3d 633, 637 (Mo. App. 2001).

13. "[A]n insurance policy, being a contract designated to furnish protection, will, if reasonably possible, be construed so as to accomplish that object and not to defeat it. Hence, if the terms are susceptible of two possible interpretations and there is room for construction, **provisions limiting, cutting down, or avoiding liability on the coverage made in the policy are construed most strongly against the insurer.** *Farm Bureau Town and Country Ins. Co. of Mo. v. Schmidt,* 751 S.W.2d 375, 376 (Mo. banc 1988) *quoting, Varble v. Stanley,* 306 S.W.2d 662, 664–665 (Mo.App.1957); *Martin,* 996 S.W.2d at 508 (Mo. banc 1999); *see also Seeck,* 212 S.W.3d at 132." *Burns v. Smith,* 303 S.W.3d 505, 512 (Mo. banc 2010)(emphasis added).

14. While AMCO provides coverage under the pertinent policy language in the definitional section, it turns arounds and takes it away in its exclusions. (SUMF ¶6). The coverage that these insureds have been paying for all these years is simply illusory.

15. Under clearly stated unequivocal Missouri law, Defendant insureds are entitled to coverage.

16. Contrary to what was represented in plaintiffs Motion for Summary Judgment, request for coverage and tendering the case for defense happened in February of 2019, and not in

May, as Plaintiffs would have you believe. (SUMF ¶4).

17. Also, contrary to what was represented by the plaintiffs to this Court, the first letter of denial occurred on April 19, 2019, by a representative of Nationwide insurance company, the parent company of Depositors and AMCO. (SUMF ¶5, 20).

18. Coverage B of the AMCO policy insures Columbia Maintenance, MK Maintenance and its or their insured employees for damages they became obligated to pay by reason of "personal and advertising injury. (DEP/AMCO 0706). The policy defines "personal and advertising injury", among other things, to include "f. discrimination, unless insurance coverage therefore is prohibited by law or statute." (SUMF ¶18).

19. Insurance companies, under known industry standards and guidelines are required to look to FIND coverage, not to exclude it. (SUMF ¶19).

20. The denial letters of 4/14/19 admitted that the discrimination claims asserted were, in fact, "personal and advertising injury" within the meaning of the policy, in stating "While Mr. Barnett [Taylor] does claim a "personal advertising injury" as an employee of Columbia." (SUMF ¶20).

21. Yet the summation in the letters, Exhs I and J, (SUMF ¶ 5&20), was this:

In order for there to be coverage under Coverage B of the Commercial Umbrella Liability Insurance policy, there must be "bodily injury", "property damage" or "personal and advertising injury" from an "occurrence" or defined offense which takes place with the policy period. While Mr. Barnett does claim a "personal and advertising injury", as an employee of Columbia, his damages are excluded.

22. Insurers initial denial letter made no sense to Mr. Wyrsch, Defendants' attorney or to a 43 year veteran of the of the insurance industry, an expert who has spent his life advising, consulting, training, educating and representing insurance companies, handling coverage analyses on hundreds of occasions for over 25 domestic and international insurers, Mr. Taff.

5

(SUMF ¶21).

23. Where an insurer takes the position there is or may be no coverage, the insurer cannot explain its position to the insured in a vague manner, but must specifically relate policy provisions and must clearly and unambiguously explain how the policy provisions defeat coverage, analyzing the policy and facts, explaining why the policy does not apply. *Advantage Buildings & Exteriors v. Mid Continent Cas. Co.,* 449 S.W.3d 16, 22-25 (Mo. App. W.D. 2014). Industry standards also require such clarity. See, *SUMF* ¶ 15-21 and *Exh. K*, Affidavit of Wayne Taff.

24. In Missouri, it is well settled law that "an insurer, having denied liability on a specified ground, may not thereafter deny liability on a different ground." *Brown v. State Farm Mut. Auto. Ins. Co.*,776 S.W.2d 384, 386 (Mo. 1989); *Stone v. Waters,* 483 S.W.2d 639, 645 (Mo. App. 1972).

25. Plaintiffs are estopped from denying these claims on the grounds they now assert.

Now, for the reasons stated herein, and the additional reasons stated in defendants' Memorandum in Support of their Motion for Summary Judgment and Statement of Uncontroverted Material Facts which are incorporated by reference herein, Defendants request that the Court enter summary judgment in its favor on the issue of coverage as the uncontroverted material facts as applied to Missouri law clearly demonstrates that the claims of Barnett and Taylor against Columbia, MK and Hausman Defendants, should be provided coverage.

WHEREFORE, Defendants Barnett and Taylor respectfully request that this Court first and foremost grant defendants' motion to dismiss and allow this decision to be made by the

courts most familiar with this law, the Missouri courts, but if this Court is not inclined to do so, defendants' request that that this Court grant defendants' motion for summary judgment finding coverage and award them costs and expenses and deny plaintiffs' motion for summary judgment and for such other and further relief as this Court deems just and proper.

    Dated: October 15, 2020        **The Law Offices of Gretchen Myers, P.C.**
*/s/ Gretchen Myers*
Gretchen Myers, #32219 (MO)
222 S. Central Ave., Suite 675
St. Louis, Missouri 63105
Telephone: (314)621-5454
Facsimile: (314)621-2868
gmyers@gmyerslaw.com
*Attorney for Defendants*
*Harold Barnett and Charles Taylor*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served via the Court's electronic filing system this, the 15th day of October, 2020 to:

| | |
|---|---|
| James Wyrsch, # 53197 | Russell F. Watters, #25758 |
| 911 Washington Avenue, Suite 211 | John D. Cooney, #61080 |
| St. Louis, MO 63101 | Brown & James, P.C. |
| 314-288-0777 | 800 Market Street, Suite 1100 |
| james.wyrsch@kwlawstl.com | St. Louis, MO 63101 |
| *Attorneys for Defendants* | (314) 421-3400 |
| *Columbia Maintenance Co.,* | rwatters@bjpc.com |
| *MK Maintenance LLC, and* | jcooney@bjpc.com |
| *William Hausman* | *Attorneys for AMCO and Depositors* |