IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, and DEPOSITORS INSURANCE COMPANY, <br><br>  Plaintiff, <br><br> v. <br><br> COLUMBIA MAINTENANCE COMPANY, et al., <br><br>  Defendants. | Case No.: 4:19-cv-02202-SRC |

**DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

Comes now Defendants Harold Barnett and Charles Taylor, by and through their attorney of record, and for their Statement of Uncontroverted Material Facts in favor of their Motion for Summary Judgment[1] as to Coverage, state as follows:

1. Harold Barnett filed his petition for violations of Missouri laws under the Missouri Human Rights Act against Columbia Maintenance and William Hausman in St. Louis County Circuit Court in the State of Missouri. *Exhibit A[2], Barnett Petition.*

2. Charles Taylor filed his petition for violations of Missouri laws under the Missouri Human Rights Act against Columbia Maintenance, MK Maintenance LLC and William Hausman in St. Louis County Circuit Court in the State of Missouri. *Exhibit B, Taylor Petition.*

---

[1] Defendants file this cross Motion for Summary Judgment on coverage issues only and the accompanying Statement of Uncontroverted Material Facts out of an abundance of caution since such motions are due under this Court's scheduling order and the fact that this Court has not yet ruled on Defendants' Motion to Dismiss. Defendants are not intending, by this action, to waive in any way our pending Motion to Dismissal or to Stay this action by doing so. Should this Court immediately grant Defendants' Motion to Dismiss, this briefing can be utilized in the underlying garnishment action in state court.

[2] Note: Out of ease of reference, defendants are using the same exhibit references in this Statement of Material Facts as to the exhibits submitted with Defendants' Response to Plaintiffs' Statement of Material Facts filed in response to Plaintiffs' Motion for Summary Judgment.

2

3. Columbia Maintenance, MK Maintenance LLC and William Hausman were represented by James Wyrsch due to the fact the insurance companies, Depositors and AMCO, refused to represent their insureds. *See, Defendants' Exhibit H, Wyrsch Affidavit; Exhibit E, 2/27/19 Wyrsch Letter; Exhibits I and J, 4/19/19 Insurance Denial Letters; and Exhibit G, Plaintiffs' Stipulation as to Foundation.*

4. The insurers were notified on 2/27/19 of the pending litigation by Mr. Wyrsch who requested coverage and defense of the claims. *See, Exhibit E, 2/27/19 Wyrsch Letter and Exhibit T, Insurers' Answers to Interrogatories, No. 1.*

5. The first attempt to articulate any reason for denying coverage from the insurance companies came in the form of the April 19, 2019 letter from Chad Christiansen denying coverage in a way that made "no sense," even to Defendants' Columbia, MK and Hausman's lawyer. *See, Exhibits Exhibits I and J, 4/19/19 Insurance Denial Letters; Exhibit E, 2/27/19 Wyrsch Letter requesting defense; Exhibit M, Wyrsch 2/28/19 email re coverage duty and presentation of reasons; Exhibit N, 3/28/19 email and letter from Wyrsch to ins co's attaching letter re coverage explanation; Exhibit O, 5/23/19 letter from Wyrsch to ins co's stating the denial "makes no sense" paragraph 3, line 4; Exhibit T, Insurers' Answers to Interrogatories, No. 2.*

6. Defendants Columbia, MK and Hausman had purchased and were insured under two policies of insurance which were in effect on the dates applicable in the petitions filed by Barnett and Taylor claiming acts which are the subject of the underlying suit:

- Depositors Insurance Company ("Depositors") issued a Commercial General Liability policy of insurance to named insureds Columbia Maintenance Company and MK Maintenance, Policy Number ACP GLDO 3006478056 (the "Depositors CGL Policy"), with effective dates of January 19, 2014 to January 19, 2015, and

- AMCO issued a Commercial Umbrella Liability Insurance policy to named insureds Columbia Maintenance Company and MK Maintenance, Policy Number ACP CAA 3006478056, with effective dates of 1/19/14 to 1/19/15 (the "AMCO Umbrella Policy").

*See, Exhibits A and B, Barnett and Taylor Petitions; Exhibits L, Depositors' Insurance Policy and Exhibit R, AMCO's Insurance Policy; Exhibit P Def Columbia and Hausman responses to Requests for Admission Barnett, paragraphs 8 and 11; Exhibit Q Def Columbia, MK and Hausman responses to Requests for Admission Taylor, paragraphs 8 and 11; Exhibit T, Insurers' Answers to Interrogatories, No.4.*

7. AMCO's Umbrella Liability Insurance Policy, Policy Number ACP CAA 3006478056, provided in pertinent part:

The umbrella policy contains, in pertinent part, the following provisions:

### DECLARATIONS

\*\*\*
ITEM 1
Named Insured:   **COLUMBIA MAINTENANCE COMPANY**
                 **MK MAINTENANCE**
\*\*\*
Item 6
Limits of Insurance     a)   **$3,000,000** Each Occurrence
                        \*\*\*
                        c)   **$3,000,000** Other Aggregate
\*\*\*
[DEP/AMCO 0691]

### COMMERICAL UMBRELLA LIABILITY POLICY

\*\*\*
Throughout this policy the words "you" and your" refer to the Named Insured shown in the Declarations . . .

Other words and phrases that appear in quotation marks are defined in this policy. These definitions are found in the Definitions section or the specific policy provision where they appear.

**INSURING AGREEMENTS**
\*\*\*

**B.** **Coverage B – Umbrella Liability Insurance**

    **1.** Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of . . . "personal and advertising injury" covered by this insurance . . .
\*\*\*

    **5.** Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance."

[DEP/AMCO 0696]

**DEFINITIONS** [DEP/AMCO 0706]
\*\*\*

**C.** **Applicable to Coverage B Only**
**As used in this Coverage B:**
\*\*\*

    **7.** "Insured" means:

        **a.** If you are designated in the Declarations as:
\*\*\*
**3)** A limited liability company, any member, but only with respect to the conduct of your business. Your managers are "insureds" but only with respect to their duties as your managers.
**4)** An organization other than a partnership, joint venture or limited liability company, your "executive officers" . . .
\*\*\*

[DEP/AMCO 0709]

    **9.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses committed in the course of your business:
\*\*\*
        **f.** discrimination, unless insurance coverage therefore is prohibited by law or statute.
\*\*\*

[DEP/AMCO 0710]

5

**EXCLUSIONS**

    A.    **Applicable to Coverage A and Coverage B**
        \*\*\*
        8.    Employment-related Practices
            "Injury or damage", "bodily injury" or "personal and advertising injury" to:

            a.    A person arising out of any:
                **1)**    Refusal to employ that person;
                **2)**    Termination of that person's employment; or
                **3)**    Employment related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .

[DEP/AMCO 0699]

*See Exhibit R, AMCO Umbrella Policy.*

    8.    Columbia Maintenance, MK Maintenance and William Hausman are "insureds" under the policy. *See Exhibit R, AMCO Umbrella Policy, DEP/AMCO 0709.*

    9.    Barnett and Taylor both filed claims for discrimination against Columbia Maintenance, and William Hausman, and Taylor additionally against MK Maintenance, with discriminatory acts alleged within the policy period. *See, Exhibits A and B, Petitions of Barnett and Taylor; Exhibit R, AMCO policy DEP/AMCO 0691; Exhibit Q answer to request for admission 8 and 11; Exhibit P answer to request for admission 8 and 11; Exhibit T, Insurers' Answers to Interrogatories, No. 4.*

    10.    Barnett and Taylor claimed injury as result of the discriminatory acts of Columbia Maintenance, and William Hausman, and Taylor additionally against MK Maintenance. *See, Exhibits A and B, Petitions of Barnett and Taylor and Exhibits C and D, 1st Amended Petitions of Barnett and Taylor; Exhibit Q answer to request for admission 13 and 20; Exhibit P answer to request for admission 13 and 20.*

    11.    The Barnett and Taylor claims fell within the insurance policy definition for "personal

and advertising injury." *See, Exhibits A,B,C,D, Petitions of Barnett and Taylor; Exhibit R, AMCO policy DEP/AMCO 0710; Exhibit Q answer to request for admission 20; Exhibit P answer to request for admission 20.*

12. The Barnett and Taylor original petitions and the 1st Amended Petitions are substantially the same and the small differences did not change any coverage decisions. *See, Exhibits A,B,C,D Petitions; Exhibit S Plaintiffs' Complaint, select pages paragraphs 17 and 37.*

13. Plaintiffs' Declaratory Judgment Action claims that an exclusion applies to take away this coverage. *See Plaintiffs' Exhibit 8 to PSUMF, the Complaint.*

14. The standards of the insurance industry and the written guidelines of insurers which follow those standards require that if there is an ambiguity as to whether an insurance policy affords coverage for a given loss that the policy should be interpreted in favor of coverage and coverage should be accepted for the loss. *See Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 9.*

15. The standards of the insurance industry and the written guidelines of insurers which follow those standards require that if an insurer denies coverage for a given loss, the denial of coverage must be set forth in a letter to the insured, explaining in clear and unambiguous language the specific policy provisions which defeat coverage, clearly and ambiguously explaining how under the facts of the loss those provisions defeat coverage, explaining why the policy does not apply. Those same standards require the insurer to prepare the denial in a manner which can be understood by an ordinary layman and further require the insurer to take steps to make sure the insured understands the grounds and bases for the denial of coverage.  It is well understood in the industry that a denial of coverage which fails to meet the standards will or may estop the insurer from denying coverage on grounds not properly raised in the denial letter. *See Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 10.*

7

16. The standards of the insurance industry and the written guidelines of insurers which follow those standards require that insurers understand that once an insurer first denies coverage for a given loss, having denied liability for a stated reason, an insurer may not later assert a different one and once an insurer denies liability on a given ground, it may not thereafter defend on a different ground. If an insurer denies liability upon a specified ground or defense, all other grounds or defenses are waived. It is well understood in the industry that a denial of coverage which fails to meet the standards will or may estop the insurer from later denying coverage on different grounds or grounds not properly raised in the denial letter. *See Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 11.*

17. The insurance industry recognizes and understands that insurers which issue an insurance policy in a given state are bound by the laws of that state regarding issues of insurance coverage, denial of insurance coverage and the duty to defend and that they are required to conform their conduct and actions to the laws of the state in which the policy was delivered. *See Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 12.*

18. Coverage B of the AMCO policy insures Columbia Maintenance, MK Maintenance and its or their insured employees for damages they became obligated to pay by reason of "personal and advertising injury. (DEP/AMCO 0706). The policy defines "personal and advertising injury", among other things, to include "f. discrimination, unless insurance coverage therefore is prohibited by law or statute." *See Exhibit R, AMCO Umbrella Policy DEP/AMCO 706,710; Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 16.*

19. Insurance companies, under known industry standards and guidelines are required to look to FIND coverage, not to exclude it. *See, Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 19.*

20. The denial letters of 4/14/19 admitted that the discrimination claims asserted were, in

8

fact, "personal and advertising injury" within the meaning of the policy, in stating "While Mr. Barnett [Taylor] does claim a "personal advertising injury" as an employee of Columbia." *See, Exhibits I and J, 4/19/19 Denial letter, pg 13 highlighted paragraph; Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraph 21.*

21.     Insurers initial denial letter made no sense to Mr. Wyrsch, Defendants' attorney or to a 43 year veteran of the of the insurance industry, an expert who has spent his life advising, consulting, training, educating and representing insurance companies, handling coverage analyses on hundreds of occasions for over 25 domestic and international insurers, Mr. Taff. *See, Exhibit O, Wyrsch Letter of May 23, 2019, 3rd paragraph, line 4; Exhibit K, Affidavit of Insurance Industry Expert Wayne Taff, paragraphs 3, 4, 5,6,7,8 and 21.*

22.     Many of the documents involve differing and sometimes interchangeable names of insurance companies, their legal relationship, as it pertains to this case, between and among AMCO Insurance Company, Depositors Insurance Company, Nationwide Insurance and Allied Group and Allied Holdings is as follows:

- Depositors Insurance Company issued the Commercial General Liability Policy to named insureds Columbia Maintenance Company and MK Maintenance which is at issue in this action.

- AMCO Insurance Company issued the Commercial Umbrella Liability Insurance Policy to named insureds Columbia Maintenance Company which is at issue in this action.

- AMCO Insurance Company and Depositors Insurance Company are each Iowa domiciled stock insurance companies which are wholly-owned by Allied Group, Inc.

- Allied Group, Inc. is an Iowa stock company that is wholly-owned by Allied Holdings (Delaware), Inc. a Delaware stock company.

- Allied Holdings (Delaware), Inc. is a Delaware stock company that is wholly-owned by Nationwide Mutual Insurance Company, an Ohio domiciled mutual insurance company.

9

- As a mutual insurance company, Nationwide Mutual Insurance Company has no stock or shareholders, and is therefore the ultimate parent company of both AMCO Insurance Company and Depositors Insurance Company.

*See, Exhibit T, Insurers' Answers to Interrogatories, No. 3.*

23. Defendants Columbia, MK and Hausman purchased a Commercial General Liability insurance policy from Depositors Insurance Company ("Depositors") and a Commercial Umbrella Policy from AMCO Insurance Company ("AMCO"), which they believed, expected and understood to provide them coverage for the claims such as those set forth in Plaintiff's Barnett and Taylor's Petition and First Amended Petition. *See, Exhibit P answer to request for admission 22; Exhibit Q answer to request for admission 22.*

24. When Defendant William Hausman purchased policies of insurance referenced in paragraph 23 above, he believed and expected that those policies of insurance would provide him and his businesses with coverage against claims of discrimination, such as those set forth in Plaintiff's Barnett and Taylor's Petition and Plaintiff's First Amended Petition. *See, Exhibit P answer to request for admission 23; Exhibit Q answer to request for admission 23.*

25. Defendants Columbia, MK and Hausman faithfully paid all premiums charged by Depositors and AMCO regarding the policies of insurance referenced in paragraph 23 above for the time periods at issue in Plaintiff's Barnett and Taylor's Petition and Plaintiff's First Amended Petition. *See, Exhibit P answer to request for admission 24; Exhibit Q answer to request for admission 24.*

26. The alleged discriminatory conduct referenced in Plaintiff's First Amended Petition, and as alleged therein, represented a continuous or repeated exposure to substantially the same general harmful conditions. *See, Exhibit P answer to request for admission 25; Exhibit Q answer to request for admission 25.*

27. Defendants Columbia, MK and Hausman have fully complied with all conditions precedent to obtaining coverage under the Depositors and AMCO policies of insurance referenced in paragraph 23 above. *See, Exhibit P answer to request for admission 26; Exhibit Q answer to request for admission 26.*

28. The insurers were aware that as a result of Depositors and AMCO's denial of coverage, Defendants Columbia, MK and Hausman have suffered hardship to the business and Mr. Hausman's livelihood, severe financial strain and great risk of personal liability. Mr. Hausman is over 81 years old. *See, Exhs E, N and O, emails and letters of James Wyrsch to the insurance companies.*

Dated: October 15, 2020

**The Law Offices of Gretchen Myers, P.C.**
*/s/ Gretchen Myers*
Gretchen Myers, #32219 (MO)
222 S. Central Ave., Suite 675
St. Louis, Missouri 63105
Telephone: (314)621-5454
Facsimile: (314)621-2868
gmyers@gmyerslaw.com
*Attorney for Defendants*
*Harold Barnett and Charles Taylor*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served via the Court's electronic filing system this, the 15th day of October, 2020 to:

James Wyrsch, # 53197
911 Washington Avenue, Suite 211
St. Louis, MO 63101
314-288-0777
james.wyrsch@kwlawstl.com
*Attorneys for Defendants*
*Columbia Maintenance Co.,*
*MK Maintenance LLC, and*
*William Hausman*

Russell F. Watters, #25758
John D. Cooney, #61080
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400
rwatters@bjpc.com
jcooney@bjpc.com
*Attorneys for AMCO and Depositors*