# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, and DEPOSITORS INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff(s), | ) ) | Case No. 4:19-cv-02202-SRC |
| vs. | ) ) | |
| COLUMBIA MAINTENANCE COMPANY, et al., | ) ) ) | |
| Defendant(s). | ) ) | |

## Order

The Court considers Defendants Columbia Maintenance Company, MK Maintenance, LLC, and William Hausman's Motion to Vacate Summary Judgment. Doc. 76. The Court grants the motion, in part, and denies, in part.

**I.     Background**

Plaintiffs Amco Insurance Company and Depositors Insurance Company brought this Missouri declaratory judgment action against Defendants Columbia Maintenance Company, MK Maintenance, LLC, William Hausman, Harold Barnett, and Charles Taylor. Doc. 1. Discovery in this routine insurance policy dispute closed on October 1, 2020, and the parties filed cross motions for summary judgment motions by October 15, 2020. Doc. 51; 38; 61. The parties completed briefing on their motions by November 16, 2020. Doc. 70.

Defendant William Hausman died on November 25, 2020. Doc. 72. On December 11, 2020, counsel for Defendants filed a Suggestion of Death for Hausman but did not enter a motion to substitute party at that time. Doc. 72; 74. The Court entered summary judgment for Plaintiffs on December 31, 2020, noting the suggestion of death on the record. Doc. 74. Upon a

1

motion to substitute party [80], the Court substituted personal representative Frank Hausman in place of deceased Defendant William Hausman on February 22, 2021. Doc. 86. *See Estate of Veselich v. Northwestern Nat. Cas. Co.*, 760 S.W.2d 564, 569 (Mo. App. Ct. 1988) ("It is the duty of the personal representative to look after the interests of the estate and to act for and on behalf of all persons who have an interest in the estate."); Mo. Ann. Stat. § 473.270 (West 2020) (personal representatives "shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration, and defend all actions brought against him.").

All of the Defendants now move for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). Doc. 76. They argue that the summary judgment order is void as applied to all Defendants because the Court entered summary judgment against the deceased William Hausman before substituting a personal representative in the suit for him. Doc. 76.

**II.     Discussion**

Under Rule 60(b)(4), a court may relieve a party from a final judgment or order based on a finding that the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). A party who has passed away is no longer a "proper party" to a case, so the Court cannot enter a judgment against the deceased party. *See Younts v. Fremont County, Iowa*, 370 F.3d 748, 752 (8th Cir. 2004).

Hausman, as a deceased party, was no longer a proper party to this case, therefore the Court's entry of summary judgment on December 31, 2020, is void as applied to him. *See id.*

2

Case: 4:19-cv-02202-SRC   Doc. #: 96   Filed: 03/09/21   Page: 3 of 4 PageID #: 2008

Defendants point to no authority, however, to support their claim that a judgment entered against a deceased defendant is also void with respect to other defendants who are properly before the Court. Defendants cite *Younts v. Fremont County, Iowa*, claiming that the summary judgment is void as to all Defendants, but *Younts* does not support their argument. 370 F.3d at 752

In *Younts*, the Eighth Circuit refused to address the merits of an appeal brought on behalf of a deceased plaintiff, because the deceased plaintiff was not a proper party when the district court entered summary judgment for the defendants. *Id.* ("We also refuse to address the grant of summary judgment to the defendants on Younts's claims because Younts died before the motion for summary judgment was even filed, which means Younts was not a proper party when summary judgment was entered."). The court went on to affirm summary judgment against seven non-deceased plaintiffs, despite the fact that Younts had died before the entry of summary judgment. *Id.* To the extent *Younts* applies here, it supports the opposite of Defendants' argument: the judgment remains valid against the other Defendants, even though one of the Defendants died before the Court entered summary judgment. *See id.*

Pursuant to Rule 60(b)(4), the Court grants relief from the summary judgment *as to William Hausman only*. With respect to the other Defendants, the judgment remains valid, so the Court will not vacate its entry of summary judgment.

The Court still intends to enter summary judgment against William Hausman, however, pursuant to Federal Rule of Civil Procedure 56(f). "Federal district courts have the power to grant summary judgment *sua sponte* when the losing party is given sufficient advance notice and an adequate opportunity to submit evidence in opposition." *Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1041 (8th Cir. 2016) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (citing Fed. R. Civ. P. 56(f)). Because William Hausman previously

3

participated in discovery and briefing on the cross motions for summary judgment, the Court need not allow extensive briefing by his personal representative, Frank Hausman. Frank Hausman must submit, no later than March 15, 2021, a brief of no more than five pages in opposition to the Court's entry of summary judgment. Without leave, the Court will allow no further briefing on this issue.

To the extent Defendants suggest in their briefs that the Court stay or dismiss the case under the *Brillhart*/*Wilton* abstention doctrine, the Court declines to do so for the same reasons outlined in its previous order denying Defendants' motion to stay or dismiss. Doc. 74.

Accordingly, the Court grants, in part, and denies, in part, Defendants' Motion to Vacate Summary Judgment. Doc. 76. The Court grants relief from the judgment as to William Hausman, though the judgment remains in effect as to all other Defendants.

So Ordered this 9th day of March, 2021.

_SL R. CQ_
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**