UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, and DEPOSITORS INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) ) |
| COLUMBIA MAINTENANCE COMPANY, et al., | ) ) ) |
| Defendant(s). | ) |

Case No. 4:19-cv-02202-SRC

**Memorandum and Order**

This matter comes before the Court on its own motion. Pursuant to Rule 56(f), the Court enters summary judgment against Frank Hausman, in his capacity as personal representative of the estate of William Hausman.

**I.      Background**

Plaintiffs Amco Insurance Company and Depositors Insurance Company brought this Missouri declaratory judgment action against Defendants Columbia Maintenance Company, MK Maintenance, LLC, William Hausman, Harold Barnett, and Charles Taylor. Doc. 1. Discovery in this routine insurance-policy dispute closed on October 1, 2020, and the parties filed cross motions for summary judgment by October 15, 2020. Doc. 51; 38; 61. The parties completed briefing on their motions by November 16, 2020. Doc. 70.

Defendant William Hausman died on November 25, 2020. Doc. 72. And on December 31, 2020, the Court entered summary judgment for Plaintiffs, noting the suggestion of death on the record. Doc. 74. The Court substituted personal representative Frank Hausman in place of deceased Defendant William Hausman on February 22, 2021. Doc. 86. Defendants then moved

1

for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), arguing that the summary judgment order was void as applied to all Defendants because the Court entered summary judgment against the deceased William Hausman before substituting his personal representative. Doc. 76. On March 9, 2021, the Court granted relief from judgment as to William Hausman only, leaving intact the prior judgment against the other Defendants. Doc. 96.

## II.     Standard

Federal Rule of Civil Procedure 56(f) states:

> Judgement Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f). "Federal district courts have the power to grant summary judgment sua sponte when the losing party is given sufficient advance notice and an adequate opportunity to submit evidence in opposition." *Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1041 (8th Cir. 2016) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992).

## III.    Discussion

The Court granted relief from judgment as to William Hausman because the judgment was void as to the deceased party. Doc. 96. In its order, the Court declared its intention to enter summary judgment against William Hausman's estate under Rule 56(f) after allowing his personal representative advance notice and an opportunity to respond. *Id.* The Court afforded Frank Hausman, as the personal representative for William Hausman's estate, up to six days to submit a five-page brief in opposition to summary judgment. *Id.* Frank Hausman elected not file any response. *Id.* The Court finds that Frank Hausman received sufficient notice and an

2

adequate opportunity to submit evidence in opposition to summary judgment.  *See* Fed. R. Civ. P. 56(f).

The Court previously granted Plaintiffs' motion for summary judgment against Defendants because the AMCO Umbrella Policy "clearly and unambiguously excludes coverage for Barnett and Taylor's Claims" for employment discrimination.  Doc. 74 at 25.  For the reasons set forth in its previous summary judgment order, Doc. 74, the Court enters summary judgment against Frank Hausman, in his capacity as the personal representative of William Hausman's estate.  *See* Fed. R. Civ. P. 56(f).  The Court determines that no genuine disputes of material fact exist and holds, as before, that AMCO's policy excludes coverage for employment-discrimination claims.  Doc. 74 at 25.  Accordingly, the Court enters summary judgment against Frank Hausman.

So Ordered this 7th day of April, 2021.

*SLR.CR*
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**